UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BREANNA SCHNITZLEIN, substituted
party for Tina L. Schnitzlein (deceased),

    Plaintiff,

v.                                               Case No: 2:16-cv-781-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Breanna Schnitzlein's Complaint (Doc. 1) filed on October 21, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying the claim of Tina L. Schnitzlein ("claimant") for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1]  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On August 30, 2014, the claimant filed an application for a period of disability and disability insurance benefits with an alleged onset date of December 31, 2010.  (Tr. at 168).  The application was denied initially on September 26, 2013 and upon reconsideration on December 2, 2013.  (Tr. at 88, 104).  A hearing was held before Administrative Law Judge ("ALJ") William G. Reamon on October 22, 2015.  (Tr. at 31-64).  The ALJ issued an unfavorable decision on November 4, 2015.  (Tr. at 13-30).  The ALJ found the claimant not to be under a disability at any time from December 31, 2010, the alleged onset date, through September 30, 2015, the date last insured.  (Tr. at 25).

On June 6, 2016, the Appeals Council denied the claimant's request for review.  (Tr. at 5-10).  Plaintiff filed a Complaint (Doc. 1) in this Court on October 21, 2016.  Defendant filed an Answer (Doc. 8) on December 16, 2016.  The parties filed memoranda in support.  (Docs. 12, 15, 18).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 20).  This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

2

C.  **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that the claimant last met the insured status requirements of the Social Security Act on September 30, 2015. (Tr. at 18). At step one of the sequential evaluation, the ALJ found that the claimant had not engaged in substantial gainful activity during the period from December 31, 2010, the alleged onset date, through September 30, 2015, the date last insured. (*Id.*). At step two, the ALJ found that the claimant suffered from the following severe impairments: "neuropathy, low back disc bulge and fibromyalgia." (*Id.*). At step three, the ALJ determined that the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526)). (Tr. at 20).

Based on the evidence, the ALJ determined that the claimant had the RFC to perform "light work" except the claimant "is further limited to occasional climbing and balancing of ramps, stairs, ladders, ropes and scaffolds; and should avoid concentrated exposure to vibration; and should avoid concentrated exposure to hazards (dangerous moving machinery, unprotected heights, etc.)." (Tr. at 20).

At step four, the ALJ determined that "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a waitress" because "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. at 25). Specifically, the ALJ noted and found persuasive the vocational expert's ("VE") testimony that the claimant is able to perform her past work. (*Id.*). In comparing the claimant's RFC with the physical and mental demands of her past relevant work, the ALJ found that the work did not exceed the claimant's RFC. (*Id.*). The ALJ found, therefore, that "the claimant is able to perform this type of work as actually and generally performed." (*Id.*).

Because the ALJ found that the claimant could perform her past relevant work, the ALJ did not proceed to step five. (*See id.*). In sum, the ALJ concluded that the claimant was not under a disability, at any time from December 31, 2010, the alleged onset date, through September 30, 2015, the date last insured. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390

4

(1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal:

1. The ALJ committed harmful error in evaluating [the claimant's] credibility when he failed to consider, and accept into evidence, a significant volume of the medical evidence that was submitted prior to the issuance of the ALJ decision and compounded the error when he incorrectly indicated that [the claimant] did not seek medical treatment for a substantial portion of the relevant time period, in violation of 20 C.F.R. §§ 404.1529(c), 404.1512(d).

2. The ALJ committed harmful error when he discredited the opinion of the examining consultative psychologist and found that [the claimant's] mental impairments were non-severe and trivial within the meaning of 20 C.F.R. § 404.1521(a) and assessed no work-related mental limitations.

3. The [RFC] assessment is not supported by substantial evidence because the ALJ misconstrued the evidence of record and did not articulate valid

rationale for discrediting [the claimant] in violation of 20 C.F.R. § 404.1529(c), and SSR 16-3p.

(Doc. 12 at 2). The Court addresses these issues in turn below, beginning with the ALJ's credibility analysis.

### A. The ALJ's Credibility Analysis

Regarding the ALJ's credibility determination, the Court notes that to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

6

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3; *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

In pertinent part, Plaintiff argues that the ALJ erred in evaluating the claimant's credibility because he failed to consider or accept into evidence, "a significant volume of the medical evidence that was submitted prior to the issuance of the ALJ decision." (Doc. 12 at 8). Plaintiff argues that the ALJ incorrectly indicated that the claimant did not seek medical treatment for a substantial portion of the relevant time period. (*Id.*). Indeed, Plaintiff notes that the ALJ discounted the claimant's credibility, in part, for a lack of medical records after August 27, 2014. (*Id.* (citing Tr. at 23)). Nonetheless, Plaintiff states that additional medical records were submitted to the ALJ before the ALJ's decision for the time period after August 27, 2014. (*Id.*). As a result, Plaintiff argues that the ALJ "wrongly believed" that there "was a significant gap in treatment," which in turn "led directly to his finding that [the claimant] could return to her past work as a waitress." (*Id.* at 10 (citing Tr. at 25)).

Moreover, Plaintiff argues that the additional medical records provide "substantial evidence that [the claimant's] condition continued to deteriorate throughout the relevant period under consideration." (*Id.*). Plaintiff argues that the records show the claimant "underwent trials of new medications," increased her dosage of other medications due to increasing neuropathy symptoms in her feet, and that a treatment note from August 2015 indicates that that the claimant's medication management was "not working well." (*Id.* (citing Tr. at 470, 472, 480)). Plaintiff argues that "the ALJ's failure to consider [the claimant's] medical treatment over a significant period of time prior to hearing [sic] made it impossible for him to adequately review the record as a whole in assessing the RFC." (*Id.*). Thus, Plaintiff argues that "the error was plainly harmful." (*Id.*).

In response, Defendant argues "that any such failure by the ALJ to review or consider the evidence contained in [the additional medical records] was harmless, because this evidence was presented to the Appeals Council on Plaintiff's request for review of the ALJ's decision and the Appeals Council determined that 'this information does not provide a basis for changing the Administrative Law Judge's decision.'" (Doc. 15 at 6 (citing Tr. at 6, 8)). Moreover, Defendant argues that "Plaintiff has suffered no prejudice to her rights as the evidence in [the additional medical records] is currently before this Court to determine whether the ALJ's decision would still be based on substantial evidence when the new evidence is taken into account." (*Id.*). Specifically, Defendant argues that, based on the decisions in *Ingram v. Commissioner of Social Security* and *Hummel v. Astrue*, "when a Plaintiff submit[s] additional evidence to the Appeals Council and argues to the court that the Appeals Council erred in denying review, a district court must determine whether the Commissioner's decision is supported by substantial evidence on the record as whole." (*Id.* (citing *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262, 1266 (11th

8

Cir. 2007); *Hummel v. Astrue*, No. 8:06-cv-725-T-EAJ, 2007 WL 2492460, at *7 (M.D. Fla. Aug. 30, 2007). Here, Defendant argues that "the new evidence presented in [the additional medical records] does not undermine the ALJ's determination that [the claimant] was not disabled." (*Id.* at 7).

In her reply, however, Plaintiff argues that "the situation addressed in *Ingram* and *Hummel*, is not comparable to the situation in the case at bar" because new evidence was submitted "to the ALJ prior to the issuance of the ALJ Decision, which the ALJ failed to consider." (Doc. 18 at 2). Plaintiff argues that, unlike those cited cases, the ALJ here had the opportunity to consider the evidence before rendering a decision. (*See id.*). Thus, Plaintiff argues that "[t]he evidence in this case was not 'new' evidence submitted at the Appeals Council level." (*Id.*). Moreover, to the extent Defendant argues that the medical records support the ALJ's decision, Plaintiff argues that Defendant is engaging in impermissible *post-hoc* analysis of the evidence. (*Id.*).

The Court finds Plaintiff's arguments regarding credibility persuasive. The ALJ discounted the claimant's credibility, in part, because of a lack of medical records after August 27, 2014. (Tr. at 23). Specifically, the ALJ stated:

> There is no medical evidence of record since August 27, 2014 (now nearly 14 months ago). I find it strange that with such dire complaints as those voiced by the claimant at the hearing, that she would not have sought out significant care for her constellation of somewhat amorphous complaints for such a length of time. There is no treatment record in the file either from a neurologist, primary care physician, emergency room physician or psychiatric care provider covering that 14 month period.

(*Id.*).

The record demonstrates, however, that additional medical records were submitted to the ALJ on October 30, 2015, (Tr. at 465), which date is five days *before* the ALJ's decision was

9

issued on November 4, 2015, (Tr. at 13). Moreover, a review of the additional medical records shows that they cover the time period from September 24, 2014 through September 23, 2015. (*See* Tr. at 465-654). The ALJ specifically discredited Plaintiff based upon a lack of records after August 27, 2014. (*See* Tr. at 23). Thus, the presence of these additional medical records – covering the specific time period the ALJ used to discredit Plaintiff – directly contradicts the ALJ's explicit finding that there was no evidence from that time. (*See id.*). As a result, the Court finds that the ALJ's credibility finding is not supported by substantial evidence because a significant reason for discrediting Plaintiff is not supported by the evidence of record.

As noted above, Defendant argues that any error is harmless because the additional medical records were "presented to the Appeals Council on Plaintiff's request for review of the ALJ's decision and the Appeals Council determined that 'this information does not provide a basis for changing the Administrative Law Judge's decision.'" (Doc. 15 at 6 (citing Tr. at 6, 8)). The Court finds this argument unpersuasive. The Appeals Council denied the claimant's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. at 5). For the reasons set forth above, the ALJ's decision is not supported by substantial evidence. Accordingly, remand is appropriate.

In sum, the decision of the Commissioner is not supported by substantial evidence. Specifically, the ALJ's credibility determination is not supported by substantial evidence of record. The Court, therefore, reverses and remands the decision of the Commissioner. On remand, the ALJ should review the additional medical records in making a credibility finding and in reviewing the claimant's claim for disability.

### B. Plaintiff's Remaining Arguments

The Plaintiff's remaining arguments address the weight assigned to certain medical opinion evidence. Because a re-evaluation of the additional medical records will likely impact the analysis of other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case, including the opinion evidence.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to review the additional medical records in making a credibility finding and in reviewing the claimant's claim for disability.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on March 23, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties